IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH REINWAND,                                    OPINION and ORDER

          Plaintiff,                              14-cv-00845-bbc

    v.

NATIONAL ELECTRICAL BENEFIT FUND,
LAWRENCE J. BRADLEY, and
FRANK BLACKBURN, M.D.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action, pro se plaintiff Joseph Reinwand, a prisoner at the Columbia Correctional Institution, contends that his disability benefits were improperly terminated by defendants National Electrical Benefit Fund, Lawrence J. Bradley and Frank Blackburn. Plaintiff has filed a motion for reconsideration, a jury demand and additional documents in support of his request for assistance in recruiting counsel.

I am denying both plaintiff's motion for reconsideration and his jury demand. I will not change my decision to dismiss defendant Blackburn because, under this circuit's law, an individual's mere involvement in a decision to deny benefits does not expose the individual to liability in an ERISA case. Plaintiff's jury demand will be denied because there is no right to a jury trial on ERISA claims.

With respect to plaintiff's recent submissions in support of his request for assistance in recruiting counsel, I find that these materials are sufficient to establish that plaintiff is

1

indigent and that he has made a reasonable effort to retain an attorney. However, I will not assist plaintiff with recruiting counsel at this time because he has not presented any evidence that he is incapable of continuing to represent himself. Plaintiff may file a renewed motion for assistance if he can demonstrate at a later stage of the case that he needs a lawyer to prosecute his claims effectively.

OPINION

A. Plaintiff's Motion for Reconsideration

In the August 18, 2015 ruling on defendants' motion to dismiss, I dismissed defendant Blackburn on the ground that the employee benefit plan and the plan administrator are the only proper defendants to plaintiff's ERISA claims. Dkt. #29 at 11. Plaintiff asks that I reconsider this decision because I failed to fully appreciate the nature of Blackburn's role in the decision to deny plaintiff's benefits. Specifically, plaintiff argues that Blackburn was "in essence" acting as a plan administrator, and is therefore a proper defendant.

Plaintiff's argument is based on a misunderstanding of who is a proper defendant in this type of ERISA case. With respect to plaintiff's ERISA Section 502(a)(1)(B) claim, the proper defendant is the party that is responsible under the benefit plan for paying claims. Larson v. United Healthcare Insurance Co., 723 F.3d 905, 913 (7th Cir. 2013) ("By necessary implication . . . a cause of action for 'benefits due' must be brought against the party having the obligation to pay."). As for plaintiff's ERISA Section 502(c)(1) claim, the

2

proper defendant is the plan administrator responsible for responding to requests for plan documents.  Mondry v. American Family Mutual Insurance Co., 557 F.3d 781, 794 (7th Cir. 2009).  Blackburn is not responsible for paying benefits under the plan, is not the formal plan administrator and is not responsible for fulfilling requests for documents. Although Blackburn may have influenced the decision to deny plaintiff's claim for disability benefits, that is not enough to make him a defendant.  Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1491 (7th Cir. 1996) (upholding dismissal of nurse that denied plaintiff's claim for benefits under an employee benefit plan).  Accordingly, plaintiff's motion for reconsideration will be denied.

## B. Plaintiff's Demand for a Jury Trial

On September 17, 2015, Magistrate Judge Stephen L. Crocker entered a preliminary pretrial conference order setting this case for a bench trial.  Soon thereafter, plaintiff filed a jury demand.  Dkt. #40.  In most cases, plaintiff's jury demand would be proper.  Fed. R. Civ. P. 39(a)(2) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.").  However, as defendants point out in their opposition to plaintiff's demand, claims under ERISA are decided by judges, not juries.  Mathews v. Sears Pension Plan, 144 F.3d 461, 468 (7th Cir. 1998)(no right to a jury trial in ERISA cases); Wardle v. Central States Southeast & Southwest Areas Pension Fund, 627 F.2d 829 (7th Cir. 1980)("Congress' silence on the jury right issue reflects an intention that suits for pension

benefits by disappointed applicants are equitable."). Therefore, I am denying plaintiff's request for a jury trial. As set forth in the current pretrial order, the bench trial will proceed on August 11, 2016.

## C.  Plaintiff's Requests for Counsel

In the August 18, 2015 ruling I denied plaintiff's request for assistance with his efforts to retain counsel. Although the ruling was based primarily on plaintiff's failure to establish that he was indigent, I also pointed out that pro se litigants must demonstrate that they have made a reasonable effort to retain a lawyer without court assistance and that they are unable to effectively represent themselves. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992)("[Section] 1915(d) requires a threshold inquiry into the indigent's efforts to secure counsel."); Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993) ("[G]iven the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?"). In response to this ruling, plaintiff filed a financial affidavit, his prisoner trust fund account statement and a letter informing the court that he previously sought representation from "three or four" law firms. Although these documents were not accompanied by a motion, I have nevertheless reviewed them to determine whether they support plaintiff's request for assistance in recruiting counsel.

With respect to plaintiff's financial affidavit and his prisoner trust account statement, I find from these documents that plaintiff is indeed indigent. Plaintiff has no assets or

savings, almost no income, and a substantial amount of debt.  As for plaintiff's letter regarding his attempt to engage counsel, I am satisfied that this document, when considered alongside the efforts described in plaintiff's previous motions for assistance in recruiting counsel, demonstrates that plaintiff has made a good-faith effort to find a lawyer on his own.

However, plaintiff still has not explained why he is incapable of continuing to represent himself.  He suffers from no apparent physical or mental disabilities, his writing is clear and well-organized, and his filings throughout this case indicate that he understands the legal issues relevant to his claims. If at a later stage of these proceedings plaintiff becomes unable to effectively prosecute his claims without a lawyer, he may renew his request for assistance in recruiting counsel, but he must explain why a lawyer is necessary.

ORDER

IT IS ORDERED that

1. Plaintiff Joseph Reinwand's motion for reconsideration, dkt. #30, is DENIED.

2. Plaintiff's demand for trial by jury, dkt. #40, IS DENIED.

5

3.    Plaintiff may renew his request for assistance in recruiting counsel at a later stage in these proceedings. In any such request plaintiff must explain why he is unable to effectively prosecute his claims without a lawyer.


Entered this 22d day of October, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge