IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH REINWAND,

                      Plaintiff,

v.

NATIONAL ELECTRICAL BENEFIT FUND
and LAWRENCE J. BRADLEY,

                      Defendants.

OPINION and ORDER

14-cv-845-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After prevailing in part on his motion for summary judgment, plaintiff Joseph Reinwand has moved for an award of costs and submitted a bill of costs that he is requesting be taxed against defendants National Electrical Benefit Fund and Lawrence J. Bradley. Because I find that plaintiff is entitled to recover some of his costs as appropriate under Fed. R. Civ. P. 54(d), but that most of the costs he has requested are not allowable by law, I will direct the clerk of court to tax costs in the amount of $499.90, as further explained below.

OPINION

On June 24, 2016, I entered an order granting plaintiff's motion for summary judgment on his claim that defendants violated 29 U.S.C. § 1132(a)(1)(B) in failing to afford him a full and fair review of his application for reinstatement of his disability benefits under the National Electrical Benefit Fund plan, and remanding that claim to the plan administrator

1

for a full and fair review in accordance with the Employee Retirement Income Security Act (ERISA). Dkt. ##67, 68. (I also granted summary judgment in favor of defendants with respect to plaintiff's claim that they violated 29 U.S.C. § 1132(c)(1).) On July 14, plaintiff moved to amend the judgment, seeking to be awarded both litigation costs and damages, including reinstatement and retroactive back pay of benefits. I denied his request for damages in the form of an outright award of benefits, finding that to be a question for the plan administrator to decide on remand. Dkt. #71. (Plaintiff has appealed that decision to the Court of Appeals for the Seventh Circuit.) At the same time, I granted plaintiff's request for an award of costs and ordered him to file an affidavit identifying all of the costs incurred in connection with this litigation.

Plaintiff filed his affidavit on September 1, 2016, identifying seventeen cost items amounting to a total of $2,226.20. Defendants ask me to exercise my discretion to refuse to tax any of these costs, but they do not provide persuasive reasons for doing so. I have already ruled that plaintiff has achieved sufficient success on the merits to be entitled to recover his costs as a "prevailing party" under Rule 54(d)(1), and defendants have not rebutted the "strong presumption that the prevailing party will be awarded those costs of litigation identified in 28 U.S.C. § 1920." Montanez v. Simon, 755 F.3d 547, 557 (7th Cir. 2014). Thus, I will award plaintiff his costs to the extent allowable by that statute.

Defendants are correct that most of the cost items plaintiff has identified fall outside what is allowed by law. Section 1920 provides that I may tax as costs court fees, expert, witness and interpreter fees, necessary transcript costs and necessary copying and printing

costs. 28 U.S.C. § 1920. Most of the costs identified in plaintiff's affidavit fall into none of these categories, and are not taxable under any other applicable law. Aff. of Joseph Reinwand, dkt. #73, at ¶¶ 1, 7 (request for gas costs for personal transportation), ¶¶ 2, 5, 10 (postage); ¶¶ 3, 9 (phone calls); ¶¶ 11-17 (typewriter, writing and office supplies).

Therefore, I will award plaintiff only his costs associated with the three expenditures he has identified that do fall within the scope of 28 U.S.C. § 1920. Dkt. #73, at ¶ 4 ($3.00 for four copies of complaint), ¶ 6 ($400.00 court filing fee), ¶ 8 ($96.90 for filing copies). The court filing fee is clearly a necessary and taxable cost, and three dollars to obtain several copies of the complaint I find to be eminently reasonable. The cost item in ¶ 8 ("copies of filings from 11-19-2014 to 08-31-2016") is not substantiated in any further detail, but defendants have not specifically challenged the $96.90 expenditure as not reasonable or not necessarily obtained for use in the case. Given that, over a year and a half of litigation, plaintiff may well have had good cause to obtain a substantial number of printouts and copies of court documents that he needed to pursue his case, I find that cost to be reasonable. These three items add up to a total of $499.90, which I will allow to be taxed as costs. Plaintiff is entitled to no more under Rule 54 and applicable law.

ORDER

IT IS ORDERED THAT

1. Plaintiff Joseph Reinwand's bill of costs is GRANTED with respect to $499.90 for copying and payment of the court filing fee. Plaintiff's request is DENIED in all other

respects.

    2. The clerk of court is directed to amend the judgment accordingly.

Entered this 3rd day of November, 2016.

                              BY THE COURT:

                              /s/

                              BARBARA B. CRABB
                              District Judge